ORIGINAL

# United States Court of Federal Claims

No. 17-1825 C
Filed: December 21, 2017

**FILED**
DEC 2 1 2017
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| ALBERTSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | *Pro Se*; *Sua Sponte* Dismissal; Lack of |
| v. ) | Subject Matter of Jurisdiction |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

***SMITH*, Senior Judge**

On November 20, 2017, plaintiff, proceeding *pro se*, filed a complaint in this Court seeking various forms of relief. Plaintiff, an alleged "sovereign citizen," asserts that the United States and other actors fraudulently imposed a corporate identity on him by issuing him a birth certificate and a social security number. Plaintiff is seeking declaratory relief and damages of upwards of $500 billion.

Upon *sua sponte* review, this Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. The Court has no authority to decide plaintiff's case, and therefore must dismiss the Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

### I. Background

Plaintiff, Mr. Albertson, has filed numerous, frivolous complaints in federal courts across the country over the last several years, including a previous filing in this Court. *See Albertson v. United States*, No. 07-188 (Fed. Cl. July 3, 2007) (dismissing complaint pursuant to RCFC 58); *Albertson v. Osborne*, No. 07-03041 (D. Or., July 25, 2007) (dismissing complaint for failure to state a claim); *Albertson v. District of Columbia*, No. 12-010906 (D. Or., Aug. 9, 2012) (dismissing complaint for failure to pay the filing fee or file a motion to proceed in forma pauperis); *Albertson v. United States*, No. 13-0635 (D. Or., Apr. 20, 2013) (dismissing complaint as frivolous under 28 U.S.C. § 1915(d)); *Albertson v. United States*, No. 13-0378 (D. Or., May 2, 2013) (dismissing complaint as frivolous and for lack of subject matter jurisdiction).

7017 1450 0000 1346 0485

Mr. Albertson styles his claim as a "Verified Complaint of Fraud, Slavery, Kidnapping, Treason, Conspiracy Against Rights, Legal Terrorism, [and] unrecorded Agency of Foreign Principals." *See generally* Complaint (hereinafter "Compl."). Mr. Albertson asserts that he is a citizen of the sovereign Union State of Oregon and files this claim "as representative of the 1874 recommenced Lake County Grand Jury, as set forth at Article 5 of the Bill of Rights, to prosecute Defendant's crimes against myself, the Union State of Oregon and its exclusive Citizens. . . ." *Id.* at 2. He alleges that "[w]ith issue of a Certificate of Live Birth, Defendant and/or its agents or agencies, secretly created a secret Trust [], sounding like Plaintiff Albertson's Name to take, steal, rob, abscond and unlawfully hypothecate his human capital (Name, Life, Credit, inter alia) to secure Defendant Federal Reserve System's Notes. . . ." Compl. at 7.

## II.   Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). RCFC 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

In determining whether subject matter jurisdiction exists, the Court will treat *factual* allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (emphasis added). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Discussion

In this case, Mr. Albertson fails to establish by a preponderance of the evidence that this Court has jurisdiction over his claims. The "sovereign citizen" movement is one in which members seek to recover money from the United States, often claiming that the government defrauded them by using identifying information, e.g., birth certificates and social security documents. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282-83 (2011). The Tucker Act precludes such claims, as "[n]either birth certificates nor social security numbers recognize or impose contractual rights, obligations, or duties." *Id.* at 286.

Dismissal is also required upon a determination that a complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)[1]; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining when an action lacks an arguable basis in law or in fact). Frivolous complaints are "those in which the factual allegations are so unbelievable that there is no need for an evidentiary hearing to determine their veracity." *Taylor v. United States*, 568 F. App'x 890, 891 (Fed. Cir. 2014); *see Neitzke*, 490 U.S. at 327 (frivolous claims include those that describe "fantastic or delusional scenarios").

It is clear Mr. Albertson believes he is a sovereign citizen and that the government fraudulently imposed an identity on him. This Court has previously held that claims involving the sovereign citizen theory are "nonsensical" and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b). *Gravatt*, 100 Fed. Cl. at 286-87. As such, Mr. Albertson has no cognizable claim, and the Court must dismiss the Complaint as frivolous and for lack of subject matter jurisdiction.

### IV. Conclusion

For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of Title 28 of the United States Code, 28 U.S.C. § 2503(d) deems the Court of Federal Claims to be a "court of the United States" for purposes of 28 U.S.C. § 1915.